UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC RODNEY HILL,

                    Petitioner,

          -against-

WARDEN E. RICKARD,

                    Respondent.

25-CV-5706 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, proceeding *pro se*, filed this petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. By order dated August 7, 2025, the Court transferred this action to the United States District Court for the District of Columbia. On August 19, 2025, the District of Columbia acknowledged receipt of the action. On January 15, 2026, Petitioner filed a letter in which he appears to challenge the August 7, 2025 transfer order. (ECF 4.)

The Court liberally construes this submission as a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. *See Tristan v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him[.]" (citations omitted)). Because the Court lacks jurisdiction of this action, it denies the motion.

## DISCUSSION

The transfer of a case generally divests the transferor court of jurisdiction over the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have

jurisdiction to rule on motion following physical transfer of case). The transferor court retains jurisdiction only in limited situations, such as where the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court," *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995), or where "the question . . . is whether the district court had power to order the transfer," *Farrell v. Wyatt*, 408 F.2d 662, 664-65 (2d Cir. 1969);[1] *see also Tlapanco v. Elges*, No. 15-CV-2852 (AJN), 2017 WL 4329789, at *3 (S.D.N.Y. Sept. 14, 2017) (holding that the transferor court retains jurisdiction if "a party opposing the transfer . . . preserve[d] his opportunity to attack the decision by filing a motion for a stay or for reconsideration or a notice of appeal in the transferor court, or a petition for mandamus in a superior court, before the transfer is given effect").

Here, the transferee court acknowledged receipt of this transferred action on August 19, 2025, and Petitioner filed his submission on January 15, 2026, almost five months after the transferee court received this action. Thus, this Court does not have jurisdiction to consider Petitioner's motion, and denies it on that basis.

## CONCLUSION

Plaintiff's motion for reconsideration (ECF 4) is denied.

---

[1] Moreover, "[e]ven where the issue is lack of power, those attacking a transfer order should move swiftly for interim relief." *In re Robinson*, 198 F. App'x 71, 72 (2d Cir. 2006).

2

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    February 18, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

3